I concur in the court's ruling as to the first assignment of error, but I respectfully dissent in the court's ruling on the second assignment of error. Without question, the liquidated damages sought by the appellant constitute reasonable compensation for actual damages and are not a penalty.
This appellant sold a piece of property to the appellee in 1983. Clearly, the appellant sought to reduce the transaction to cash as soon as possible as he took back a note and mortgage with somewhat unusual terms. The note and mortgage securing the loan to the appellee was in the amount of $50,000 without interest for the first year, and at the rate of ten percent per annum thereafter. In other words, had the appellee obtained a conventional mortgage within the year, he would never have had to pay any interest to the appellant; or, had appellee paid appellant within the year, all he would have owed would have been the principal amount.
Appellee paid the appellant only with bad checks. Finally, in 1992, nine years after the initial note and mortgage, the appellant sought judgment on the note and foreclosure on the deed of mortgage. Appellant, apparently a very patient man, who was now owed over $80,000 under the 1983 note and mortgage, agreed to enter into a new note discounted to $45,000. However, the note was to be paid off in four equal payments of $11,250 per month, for a total of $45,000, which included interest in the amount of 10%. As consideration for the required pay terms of the loan, the appellant agreed to forgive the additional $40,000 the appellee owed on the original note and mortgage. However, if the appellee failed to make the scheduled payments, the $40,000 was liquidated damages arising from the appellee's failure to perform. Since the appellee owed that money to begin with, it is hardly a penalty to make him pay when he once again fails to meet the terms of the note.
This was clearly an arms length transaction that actually amounted to much less than the compensation the appellant gave up to attempt a settlement. As a matter of public policy, the court would indeed be an impediment to negotiated settlements if they did not enforce such settlements, especially in a case where the lender has not ever been fully compensated for what he gave up to bring about payment and an end to nineteen years of interest free loans. To add injury, if the appellant is ever paid by the appellee, he will receive an amount that is half of what it was worth when this odyssey began.